UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

ISMELIS MORALES GARCIA,      )
                             )
    Plaintiff,               )
                             )
v.                           )
                             )
GRAZIANO'S AT SUNSET, LLC,   )
                             )
    Defendant.               )
_____)

## COMPLAINT

Plaintiff, ISMELIS MORALES GARCIA, by and through her undersigned attorney, hereby files this Complaint against Defendant, GRAZIANO'S AT SUNSET, LLC, and states as follows:

## NATURE OF ACTION

1. This action arises out of ISMELIS MORALES GARCIA'S (hereinafter "Plaintiff or Ms. Morales") employment relationship with Defendant, GRAZIANO'S AT SUNSET, LLC (hereinafter "Defendant or Graziano's"), including her wrongful termination in violation of the Family and Medical Leave Act of 1993 ("FMLA"), Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978 ("Title VII"), and the Florida Civil Rights Act ("FCRA").

## PARTIES

2. At all times material hereto, Ms. Morales was a resident of Miami Dade County, Florida

1

and is *sui juris*.

3. At all times material to this Complaint, Ms. Morales was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

4. At all times material, Ms. Morales was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

5. At all times material, Ms. Morales was an employee as defined by Title VII, 42 USC § 2000e(f).

6. At all times material, Graziano's was a Florida corporation having its main place of business in Miami-Dade County, Florida.

7. Graziano's is and at all times relevant was, operating a restaurant and food market and conducting business activity in interstate commerce.

8. At all times material, Graziano's was an "employer" as defined by 29 USC § 2611(4).

9. Defendant has 50+ employees within a 75 mile radius of its main place of operation where Ms. Morales worked.

10. At all times material, Graziano's was a "person" and an "employer" as defined by 29 U.S.C. §2000e; and Fla. Stat. § 760.02.

11. At all times material, Graziano's was an employer as defined by the FMLA, 29 U.S.C. § 2611(4).

12. Before her termination, Ms. Morales' prospective medical leave would have occurred following her employment with Graziano's for more than one year.

## JURISDICTION AND VENUE

13. Ms. Morales brings this action pursuant to the FMLA, 29 U.S.C. § 2601 et seq.; Title VII, 42 U.S.C.A. §§ 2000e et seq; and FCRA, Fla. Stat. § 760.01 et. seq.

14. This Court has jurisdiction of this claim as per 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States and the laws of the State of Florida.

15. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3) because the acts complained of by Ms. Morales occurred within this judicial district and because Graziano's has its principal place of business within the district, resides in the judicial district and because the employment records of Ms. Morales are stored or have been administered, in Miami-Dade County, Florida.

## PROCEDURAL REQUIREMENTS

16. Ms. Morales has complied with all conditions precedent in filing this action. This includes the receipt of a Right to Sue letter from the EEOC within the previous 90 days of the filing of this Complaint. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

17. Ms. Morales worked for Graziano's since 2017. She began her employment with Graziano's as a "bus boy" and reached a higher position as a waitress at Graziano's by April, 2018.

18. Defendant considered Ms. Morales to be a good employee.

19. Ms. Morales was a dedicated employee who, in addition to working as a waitress, also assisted Graziano's "as needed" in several other tasks and duties including, but not limited to, assisting as a "foodrunner", hostess, "bus boy", taking orders over the phone and also assisting with the pantry.

20. Plaintiff worked tirelessly for Graziano's, with her usual work day shift beginning at 11:00 a.m. and ending at 6:00 p.m., but in many instances worked a double shift until 11:00 p.m., as needed due to the workflow.

21. From her date of hire until her unlawful termination, Ms. Morales received satisfactory feedback from Graziano's about her work performance, even obtaining recognition as a top waitress in sales volume.

22. On or about May 25th, 2019, Ms. Morales was about five months pregnant.

23. Graziano's knew that Ms. Morales was pregnant.

24. During this time a reasonable person could visually ascertain from looking at Ms. Morales that she was pregnant.

25. On May 25, 2019, Ms. Morales called in sick from work due to feeling ill.

26. On her next scheduled work day, May 27, 2019, Ms. Morales sent her General Manager, Armando (last name currently unknown), a text message indicating she was ill and included a picture of herself on a hospital bed, wearing a hospital gown. A copy of the text messages exchanged is attached hereto as Exhibit "A".

27. At this time, Ms. Morales explained to her General Manager, who supervised her work duties, that she was hospitalized and waiting to be seen by a doctor due to feeling very ill.

28. Notwithstanding the visual proof that was Ms. Morales sent to her General Manager, her General Manager still insisted upon her providing him with additional proof of her hospitalization and requested that Ms. Morales provide him with a copy of her medical record as additional verification of her hospital visit.

29. The physician who attended Ms. Morales released her to resume her employment and work duties by May 30, 2019, as is evident in the Baptist Hospital Work Excuse document. A copy of this document is attached hereto as Exhibit "B".

30. Ms. Morales followed her doctor's orders and was ready, willing and able to resume performing her work at Graziano's, as instructed on May 30, 2019.

31. Ms. Morales acceded to her General Manager's demand to provide him with her medical records and on May 30, 2019, prior to her return to work that day, she initially sent him a picture of her discharge instructions via text message.

32. Ms. Morales also had an additional copy of her medical records ready to provide to the General Manager with a physical copy of the document, in person, upon her return to work that day.

33. However, before Ms. Morales' return to work on May 30, 2019, her General Manager informed Ms. Morales via text message that it would not be necessary for her to return to work as she was being terminated from her job with Graziano's.

34. In the text messages, he explained to Ms. Morales that he had already sent her "papers" to the office.

35. He instructed her to make an appointment at Graziano's registered office located at 2678 N.W. 112th ave., Doral, Florida 33172, to pick up her check with management as she would no longer be working at Graziano's.

36. Ms. Morales was distressed about being terminated by Graziano's, given the fact that she was unable to work due to her feeling very ill during her pregnancy and communicating the circumstances and providing proof to her General Manager.

37. Notwithstanding her emotional anguish, Ms. Morales accordingly met with management at Graziano's registered office and was provided with her check.

38. In addition, during her meeting, it was explained to her that she was being terminated from employment as a waitress there due to her "absences".

39. Nothing as to Plaintiff's performance was ever mentioned to her.

5

40. Defendant's actions were willful.

41. Plaintiff has hired the undersigned attorney and law firm to represent her in this matter and is obligated to pay reasonable attorney's fees.

### COUNT I – INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT (TERMINATION)

42. Ms. Morales realleges paragraphs 1 through 41 as if fully set forth herein.

43. At the time of her termination, Ms. Morales was eligible for FMLA leave.

44. Graziano's terminated Ms. Morales and prevented her from making a claim due to her hospitalization.

45. At all times material, Ms. Morales gave proper notice to Graziano's by informing her General Manager of her illness while pregnant.

46. Ms. Morales provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

47. Despite its knowledge of Ms. Morales' illness while pregnant, Graziano's terminated Ms. Morales instead of affording her the opportunity to request FMLA leave.

48. When Defendant terminated Ms. Morales, it interfered with Ms. Morales' rights under the FMLA.

49. As a result, Ms. Morales has been damaged.

### COUNT II – INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT (INTERFERENCE)

50. Ms. Morales realleges paragraphs 1 through 41 as if fully set forth herein.

51. Defendant interfered with Ms. Morales' rights to make two FMLA claims.

52. First, at the time she was terminated, Ms. Morales was eligible for an FMLA claim due to her hospitalization.

53. Second, she was not yet ready to take child birth leave as she was not due to give birth for approximately four more months; however, Ms. Morales would have been eligible for an FMLA claim and take leave at the time she was scheduled to give birth.

54. By terminating Ms. Morales as Defendant did, it prevented her from her taking eventual FMLA leave following child birth.

55. At all times material, Ms. Morales gave proper notice to Graziano's by informing her General Manager, Armando of her illness while pregnant.

56. Ms. Morales provided enough information for Graziano's to know that her potential leave(s) may be covered by the FMLA.

57. Despite its knowledge of Ms. Morales' illness while pregnant, Defendant terminated Ms. Morales instead of affording her the opportunity to request FMLA leave.

58. When Defendant terminated Ms. Morales, it interfered with Ms. Morales' rights under the FMLA.

59. As a result, Ms. Morales has been damaged.

## COUNT III – SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

60. Ms. Morales realleges paragraphs 1 through 41 as if fully set forth herein.

61. At all relevant times, Graziano's was an employer who employed more than 15 employees as required by 42 U.S.C. § 2000e(b).

62. At all relevant times, Graziano's employed Ms. Morales within the meaning of 42 U.S.C. § 2000e(f).

63. Graziano's acted in the above-mentioned manners with the intent to discriminate against Ms. Morales on the basis of her sex and due to her pregnancy.

64. Graziano's terminated Ms. Morales due to her pregnancy.

65. Graziano's used the unlawful pretext of her "absences" to terminate her as if this was a sufficient cause for termination given that Ms. Morales had a justifiable and documented cause for being absent from work due to her illness that was treated at a hospital while pregnant.

66. Graziano's did not have a legal reason to terminate its pregnant employee for just three (3) days of her absence from work due to an illness that was treated at a hospital while pregnant.

67. Ms. Morales' sex and her pregnancy were the legal causes for Graziano's decision to terminate Ms. Morales.

68. Graziano's would not have terminated another employee that was not pregnant for missing only three days of work for an illness that required hospitalization.

69. Graziano's knowingly and intentionally discriminated against Ms. Morales on the basis of her sex in violation of Title VII.

70. This violation of Title VII provides to Ms. Morales back pay, front pay, attorneys' fees and costs, or any other equitable relief deemed just pursuant to 42 U.S.C. §2000e-5 and compensatory and/or punitive damages pursuant to 42 U.S.C. § 1981(a).

## COUNT IV – SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

71. Ms. Morales repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

72. At all relevant times, Graziano's was an employer who employed more than 15 employees as required by Fla. Stat. § 760.02.

73. At all relevant times, Graziano's employed Ms. Morales within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et. seq.

74. Defendant acted in the above-mentioned manners with the intent to discriminate against Plaintiff on the basis of her sex and due to her pregnancy.

75. Defendant terminated Ms. Morales due to her pregnancy.

76. Defendant used the unlawful pretext of her "absences" to terminate her as if this was a sufficient cause for termination given that Ms. Morales had a justifiable and documented cause for being absent from work due to her illness requiring hospitalization while pregnant.

77. Defendant did not have a legal reason to terminate its pregnant employee for just three (3) days of her absence from work due to an illness that was treated at a hospital while pregnant.

78. Ms. Morales' sex and her pregnancy were the legal causes for Graziano's decision to terminate Ms. Morales.

79. Graziano's would not have terminated another employee that was not pregnant for missing only three days of work for an illness that required hospitalization.

80. Graziano's knowingly and intentionally discriminated against Ms. Morales on the basis of her sex in violation of Fla. Stat. § 760.01 et. seq.

81. This violation of the Florida Civil Rights Act of 1992 provides to Ms. Morales back pay, front pay, attorneys' fees and costs, or any other equitable relief deemed just pursuant to Fla. Stat. § 760.11.

    **WHEREFORE**, Ms. Morales demands judgment against Graziano's, as follows:

    a. Enter judgment in Ms. Morales' favor and against Graziano's for interfering with Ms. Morales' rights under the FMLA;

    b. Enter judgment in Ms. Morales' favor and against Graziano's for discriminating against Ms. Morales under the Title VII;

    c. Enter judgment in Ms. Morales' favor and against Graziano's for discriminating against Ms. Morales under FCRA;

    d.    Reinstatement and/or compensatory damages;

    e.    Award Ms. Morales actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    f.    Award Ms. Morales liquidated damages;

    g.    Award Ms. Morales pre-judgment interest on her damages award;

    h.    Award Ms. Morales reasonable costs and attorney's fees; and

    i.    Grant Ms. Morales such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Ms. Morales requests a trial by jury on all issues triable in each count of this Complaint.

Dated: May 22nd, 2020.

Respectfully submitted,

Law Offices of Tony A. Haber, P.A.
901 Ponce De Leon Boulevard
Suite 101
Coral Gables, Florida 33134
Tel: (305) 443-5181
Fax: (888) 589-4214
E-Mail: thaber@haber-law.com

s/ *Tony Haber*

Tony A. Haber, Esquire
FBN: 084245